### JOACHIMSTHAL v. U. S. METAL & MFG. CO.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

SALES ⟨⟩347—RECOVERY OF PRICE—NONPERFORMANCE BY SELLER.

Where, in an action for the price of "bundled roofing free from tin and galvanized iron," which was rejected by defendant, the evidence showed that the roofing rejected was not free from tin and galvanized iron, plaintiff could not recover, in the absence of proof that he signed the contract through fraud, mistake, or misapprehension, even though his controverted evidence that there was no such roofing as that described in the contract to be accepted is true.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 962–972; Dec. Dig. ⟨⟩347.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Julius Joachimsthal against the U. S. Metal & Manufacturing Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Hardy, Stancliffe & Whitaker, of New York City (Henry M. Carpenter, of New York City, of counsel), for appellant.
M. A. Lesser, of New York City, for respondent.

WHITAKER, J. The complaint alleges that in November, 1914, plaintiff agreed to sell to defendant and defendant agreed to purchase of plaintiff one car load of "bundled roofing tin" at the agreed price of $2.50 per ton, f. o. b. Newark, N. J.; that defendant promised to pay for said goods 75 per cent. cash on receipt of bill of lading with invoice attached, balance in 30 days; that plaintiff shipped and delivered to defendant a car containing the goods, and sent to defendant a bill of lad-

ing with invoice attached. The contract referred to in the complaint was in writing, and, so far as is material to the questions involved, is as follows:

"New York, November 23, 1914.

"The U. S. Metal & Manufacturing Company * * * agrees to purchase, and Julian Joachimstahl * * * agrees to sell and deliver to the U. S. Metal & Manufacturing Company at Newark, N. J., the material specified hereon. * * *

"Material: Bundled roofing, to be free from tin and galvanized iron.

"Quantity: One car load.

"Price: $2.50, f. o. b. P. R. R. cars, Newark, N. J.

"Terms: 75 per cent. cash against bill of lading with invoice attached; balance in 30 days.

"Shipment: To the Buchanan Foundry Company, Lebanon, Penna."

The defendant as a defense sets up the contract, and alleges that plaintiff did not comply therewith, inasmuch as the material shipped by the plaintiff was not as described in the contract, was not "bundled roofing free from tin and galvanized iron," and that it was in other respects of an inferior quality; that defendant rejected the goods, notified the plaintiff of such rejection, and sold the goods on plaintiff's account for $6.99, which defendant offered plaintiff, and which defendant now holds for his account.

The plaintiff was called as a witness and testified that he shipped goods in accordance with the contract, and that he has received no payment therefor. Upon cross-examination he testified as follows:

"Q. You say you shipped bundled roofing tin? A. Yes. Q. Pursuant to this contract? A. Yes. Q. Was there any galvanized iron in that car? A. There was 160 bundles of tin we shipped. Q. Was there any galvanized iron in the car? A. Yes; I think there was some. Q. There was some galvanized iron? A. Yes; about 400 or 500 pounds. Outside of the galvanized iron, all the rest was bundled roofing tin."

A witness called by plaintiff also testified that the goods shipped under the contract consisted of bundles of roofing tin, and that it was in excellent condition. An expert witness called by plaintiff testified that there is no distinction in the iron and metal trade between roofing and roofing tin. An expert witness called by defendant testified as follows:

"Q. Would bundled roofing, according to the usage of the trade, be called bundled tin? A. It might be, but in this specific case it would not be. Q. Is there any such thing as bundled roofing, free from tin? A. There ought to be; that is what I specified on the sale. Q. Have you ever in your experience seen bundled roofing free from tin? A. I saw some from a car purchased this month. Q. That was bundled roofing free from tin? A. Yes. Q. What was it? A. Sheet iron."

The plaintiff contends that there is no such article as bundled roofing free from tin and galvanized iron, and invokes the maxim, "Lex non cogit ad impossibilia." The evidence is not sufficiently conclusive that there is no such thing as bundled roofing free from tin and galvanized iron to warrant the application of the principle embodied in the maxim quoted. The defendant's evidence shows that there is such a thing. If there is no such article, the plaintiff certainly cannot claim that he delivered it. The plaintiff made an express contract to deliver "bun-

dled roofing free from tin and galvanized iron." He is in the metal business, and if there was no such thing it is difficult to see why he should make such a contract. There is no claim made that he signed the contract through fraud, mistake, or misapprehension. His own evidence is conclusive that he did not ship the character of goods called for by the contract.

The question of quality does not arise. The quality of the goods which plaintiff shipped may have been of the best; but they were not of the character that defendant purchased and plaintiff sold. The question presented is not one of breach of warranty, but one of absolute failure of the plaintiff to perform his contract. He was required to ship goods free from tin. Had the defendant purchased wood, a delivery of tin, instead of wood, would not have been a breach of warranty, but would be an entire failure to ship the article purchased. The parties themselves made this contract, and the court cannot substitute a new or different contract in its place, when one of the parties objects.

The judgment should be reversed, and new trial ordered, with costs to appellant to abide the event.

GUY, J., concurs. LEHMAN, J., concurs in result.